UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANG N. RATMYSENG, ) | 1:07-cv-1742-SMS |
| ) | |
| Plaintiff, ) | ORDER DEFERRING CONSIDERATION OF |
| v. ) | THE MOTION OF COUNSEL TO WITHDRAW |
| ) | UNTIL ADEQUATE PROOF OF SERVICE |
| MICHAEL J. ASTRUE, ) | IS FILED (DOC. 19) |
| Commissioner of Social ) | |
| Security, ) | INFORMATIONAL ORDER TO COUNSEL |
| ) | REGARDING SANCTIONS |
| Defendant. ) | |

Plaintiff is proceeding with counsel with an action seeking judicial review of an unfavorable decision of the Commissioner of Social Security (Commissioner) with respect to Social Security benefits. Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the Magistrate Judge to conduct all proceedings in this matter, including ordering the entry of final judgment.

Pending before the Court is the motion of Plaintiff's counsel to withdraw as attorney of record, filed on August 13, 2008.

Fed. R. Civ. P. 5(d) requires that any paper after the complaint that is required to be served must be filed, together

1

1 with a certificate of service, within a reasonable time after
2 service. Local Rule 5-135(c) expressly requires that except for
3 ex parte matters, a paper document shall not be submitted for
4 filing unless it is accompanied by a proof of service. Further,
5 it expressly requires that proof of service shall be under
6 penalty of perjury.
7    However, the proof of service of the motion to withdraw on
8 Plaintiff that was submitted by Plaintiff's counsel is not made
9 under penalty of perjury. Accordingly, legally sufficient proof
10 of service of the pertinent papers is lacking.
11    Therefore, consideration of the motion of Plaintiff's
12 counsel to withdraw IS DEFERRED until Plaintiff's counsel submits
13 an amended proof of service that is made under penalty of perjury
14 and that complies with all pertinent Federal Rules of Civil
15 Procedure and all local rules of court.
16    Further, the Court notes that this is the second time
17 counsel has submitted a motion that is not in compliance with the
18 pertinent rules despite counsel's having been directed to file a
19 motion that complies with the pertinent rules of court. Counsel's
20 conduct has caused an unnecessary expenditure of the resources of
21 the Court.
22    Plaintiff's counsel IS INFORMED that a failure to comply
23 with an order of the Court may result in sanctions, including
24 dismissal, pursuant to the inherent power of the Court or the
25 Federal Rules of Civil Procedure. Fed. R. Civ. P. 41(b), 11;
26 Local Rule 11-110; <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 31, 42-43
27 (1991). Local Rule 11-110 provides that a failure of counsel or
28 of a party to comply with the Local Rules or with any order of

2

1  the Court may be grounds of imposition by the Court of any and
2  all sanctions authorized by statute, rule, or within the inherent
3  power of the Court. A Court may impose monetary sanctions,
4  payable to the Court, in the nature of a fine pursuant to the
5  Court's inherent powers where the Court finds that the offending
6  conduct was undertaken in bad faith. <u>Zambrano v. City of Tustin</u>,
7  885 F.2d 1473, 1478 (9th Cir. 1989). Monetary sanctions may be
8  imposed for violation of a local rule upon a finding of conduct
9  amounting to recklessness, gross negligence, or repeated
10 unintentional flouting of court rules. <u>Id.</u> at 1480. Sanctions
11 should not be imposed without giving counsel notice and an
12 opportunity to be heard. <u>Miranda v. Southern Pacific Transp. Co.</u>,
13 710 F.2d 516, 522-23 (9th Cir. 1983). Dismissal, however, is
14 appropriate where lesser sanctions are ineffective and thus
15 unavailable. <u>Malone v. U.S. Postal Service</u>, 833 F.2d 128, 130
16 (9th Cir. 1987) (dismissal for failure to comply with court
17 order).
18      Accordingly, consideration of the motion of counsel to
19 withdraw IS DEFERRED until counsel submits an adequate proof of
20 service of the motion and accompanying papers on Plaintiff.
21
22 IT IS SO ORDERED.
23 **Dated:   August 14, 2008**                 **/s/ Sandra M. Snyder**
                                        UNITED STATES MAGISTRATE JUDGE

3