UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANG N. RATMYSENG,<br><br>        Plaintiff,<br>   v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>        Defendant. | 1:07-cv-1742-SMS<br><br>ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW AS ATTORNEY OF RECORD (DOC. 23)<br><br>ORDER DIRECTING THE CLERK TO UPDATE THE DOCKET AND TO SERVE THIS ORDER ON PLAINTIFF HERSELF AT THE ADDRESS SPECIFIED IN THIS ORDER<br><br>INFORMATIONAL ORDER TO PRO SE LITIGANTS<br><br>ORDER GRANTING PLAINTIFF AN EXTENSION OF TIME UNTIL OCTOBER 20, 2008, TO SERVE ON DEFENDANT A CONFIDENTIAL LETTER BRIEF |

    Plaintiff is proceeding with counsel with an action seeking judicial review of an unfavorable decision of the Commissioner of Social Security (Commissioner) with respect to Social Security benefits. Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the Magistrate Judge to conduct all proceedings in this matter, including ordering the entry of final judgment.

    Pending before the Court is the motion of Plaintiff's counsel to withdraw as attorney of record, filed on September 8,

1

2008. Proofs of service establish that the motion was served on Defendant and on Thep Tida Ratmyseng for Plaintiff at her address, 447 N. Diana, Apartment B, Fresno, California 93701. On September 29, 2008, Defendant filed a statement of non-opposition to the motion.

I. The Motion to Withdraw as Attorney of Record

The Court finds that Plaintiff's address has been established within the meaning of Local Rule 83-182(b). The Court further finds that withdrawing counsel gave Plaintiff adequate notice of the instant motion by sending letters to Plaintiff's address three times, beginning in June 2008, and not receiving any response. .

The grounds of the motion are that although counsel is of the belief that Plaintiff cannot prevail on the merits and has so informed Plaintiff, Plaintiff has not responded or otherwise clarified Plaintiff's position despite repeated attempts to contact Plaintiff.

Local Rule 83-182 provides that an attorney may request withdrawal if grounds exist pursuant to the Rules of Professional Conduct of the State Bar of California. Cal. Rules of Prof. Conduct, Rule 3-700(C)(1)(a) provides for withdrawal with the permission of a tribunal if the client insists upon presenting a claim or defense that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law. Fed. R. Civ. P. 11(b)(1) provides that by presenting to the Court a paper, an attorney is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry

2

reasonable under the circumstances, that the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law. Cal. Rules Prof. Conduct, Rule 3-700(C)(6) permits withdrawal if the member believes in good faith in a proceeding pending before a tribunal that the tribunal will find the existence of good cause for withdrawal.

The Court finds and concludes that Plaintiff's counsel has established grounds for withdrawal. The motion to withdraw will be granted.

II. <u>Extension of Time to File Plaintiff's Confidential Letter Brief</u>

Local Rule 83-182(b) provides, "Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit." It appears that the exchange of confidential letter briefs, required by paragraphs 3 and 4 of the scheduling order of November 30, 2007, has not taken place, even though the lodging of the administrative record occurred on May 20, 2008.

Accordingly, the Court on its own motion grants to Plaintiff an extension of time to send to Plaintiff her confidential letter brief no later than October 20, 2008.

The Court notes that upon counsel's withdrawal, Plaintiff will be proceeding pro se and will be responsible for the timely prosecution of her action even if Plaintiff fails to obtain new counsel. A failure to comply with an order of the Court, including the deadline for the filing of Plaintiff's opening brief, will result in sanctions, including dismissal of this

action.

### III. Informational Order

Because Plaintiff is now proceeding pro se, the Court hereby provides Plaintiff with the following information for pro se litigants.

#### A. Attempt at Informal Resolution of the Case

Pursuant to the scheduling order, Respondent is required to serve within 120 days after service of the complaint a copy of the administrative record on Appellant and to file the administrative record with the Court. The administrative record serves as the answer to the complaint in this proceeding.

Once the administrative record has been filed, the parties must try to resolve the case informally. In this process the parties must exchange informal briefs in the form of letters about the case to see if they can agree that the case should be sent back, or "remanded," to the Social Security Administration for a further hearing by an administrative law judge. The Appellant's letter brief 1) must be served on Respondent no later than thirty (30) days after Respondent serves Appellant with the administrative record, 2) should be marked "Confidential Letter Brief" and 3) should <u>not</u> be filed with the Court. In the letter brief, Appellant must briefly set forth the issues in the case and the reasons why the Appellant thinks that he or she is entitled to Social Security benefits and why the decision to deny benefits should be remanded.

Respondent's confidential letter brief must be served on Appellant thirty-five (35) days after Respondent is served with Appellant's confidential letter brief.

4

If the parties agree on a remand, then the case will go back to the Social Security Administration before any formal briefs are filed with the Court and without the Court's ever considering the merits of the case. The parties' agreement to remand the case must be written down in a document called a "stipulation," which must be signed and filed with the Court no later than fifteen (15) days after Respondent served its confidential letter brief on Appellant.

The informal letter briefs exchanged by the parties are confidential in the sense that they are not filed with the Court; if the parties are unable to agree to a remand, the letters are not part of the case file and thus are not before the Court if and when the Court finally considers the case on the merits.

### B. Briefs

If after exchanging letters the parties are unable to agree to a remand of the case, then the parties must submit formal briefs to the Court as directed in the scheduling order. It is only after the briefs are filed that the Court will consider the merits of the case and make a decision.

#### 1. Appellant's Opening Brief

Appellant's opening brief must be served and filed no later than thirty (30) days after the date that Respondent's informal letter brief was served on Appellant. Appellant must serve a copy of his opening brief on the United States Attorney for the Eastern District of California by either delivering it by hand or by mailing it to:

> United States Attorney for the Eastern District of California
> United States Attorney's Office, Civil Process Clerk

1130 "O" Street, Room 3654
Fresno, California 93721.

Appellant must also file his original opening brief and a copy of it with the Court, which means that the original and the copy must be either delivered by hand or mailed to:

Office of the Clerk
United States District Court
Eastern District of California
1130 "O" Street, Room 5000
Fresno, California 93721.

Appellant's opening brief must contain the following parts:

1) a plain description of Appellant's alleged physical or emotional impairments, when Appellant contends they became disabling, and how they disabled Appellant from work;

2) a summary of the administrative proceedings before the Social Security Administration;

3) a summary of the relevant testimony at the administrative hearing;

4) a summary of all relevant medical evidence, including an explanation of the significance of clinical and laboratory findings and the purpose and effect of prescribed medication and therapy;

5) a recitation of the Social Security Administration's findings and conclusions relevant to Appellant's claims;

6) a short, separate statement of each of Appellant's legal claims stated in terms of the insufficiency of the evidence to support a particular finding of fact or reliance on an erroneous legal standard; and

6) argument separately addressing each claimed error.

All references to the record and all assertions of fact must

6

be accompanied by citations to the record. Argument in support of each claim of error must be supported by citation to legal authority and explanation of the application of such authority to the facts of the particular case. <u>Briefs that do not substantially comply with these requirements will be stricken.</u> A document that is stricken becomes a nullity and is not considered by the Court for any purposes.

<u>Appellant is further advised that failure to file an opening brief by the deadline date will result in dismissal of the action.</u>

### 2. Respondent's Brief

Pursuant to the scheduling order, Respondent's responsive brief is due to be served and filed no later than thirty (30) days after service of appellant's opening brief.

### 3. Appellant's Reply Brief

Appellant may file a reply brief, but Appellant is not required to file a reply brief.

If Appellant files a reply brief, the brief must be served and filed no later than fifteen days after the date on which Respondent served its responsive brief on Appellant. Appellant must serve a copy of the reply brief on Respondent by serving the United States Attorney for the Eastern District of California at the United States Attorney's address noted above. Appellant must also file the original reply brief and a copy thereof with the Court at the Court's address noted above.

Appellant's reply brief should respond to the arguments made in the Respondent's responsive brief.

////

### C. <u>Motion to Dismiss</u>

In some cases, instead of serving and filing an administrative record, Respondent may file a motion to dismiss the case pursuant to Rule 12 of the Federal Rules of Civil Procedure. If the Respondent files such a motion, it must be filed no later than 120 days after the date on which the Respondent is served with Appellant's complaint.

Appellant may oppose a motion to dismiss by filing opposition to the motion. Appellant's opposition to the motion to dismiss must be served and filed no later than fourteen (14) days after the date on which the motion to dismiss was served on Appellant. It should be labeled "Opposition to Respondent's Motion to Dismiss."

The Court will consider a motion to dismiss only after receiving opposition from Appellant, or after the time for filing opposition has passed. In ruling on a motion to dismiss the case, the Court may either 1) deny the motion and proceed with the case, ordering the parties to proceed to file a record, attempt informal resolution, and file briefs; or 2) grant the motion to dismiss, and dismiss all or part of the case.

### D. <u>The Court's Decision on the Merits</u>

The Court will consider the merits of the case only after all briefs have been filed. The Court may enter a judgment affirming, modifying, or reversing the determination of the Social Security Administration. The Court may or may not remand the case to the Social Security Administration for a further hearing.

/////

### E. Rules for Litigating the Action

Appellant is reminded of the following:

1. In litigating this action, the parties must comply with the Federal Rules of Civil Procedure (Fed. R. Civ. P.) and the Local Rules of the United States District Court, Eastern District of California (Local Rules). <u>FAILURE TO COMPLY WITH THE LOCAL RULES, FEDERAL RULES OR A COURT ORDER, INCLUDING THIS ORDER, WILL BE GROUNDS FOR DISMISSAL OR OTHER APPROPRIATE SANCTIONS</u>. See Local Rule 11-110; Fed. R. Civ. P. 41(b).

2. Documents intended to be filed with the Court must be mailed to the Clerk of the Court. See Local Rule 5-134(a). <u>All documents improperly mailed to a judge's chambers will be stricken from the record</u>. A document requesting a court order must be styled as a motion, not a letter. See Fed. R. Civ. P. 7.

3. Each document submitted for filing must include the original signature of the filing party or parties. Local Rule 7-131; Fed. R. Civ. P. 11(a). <u>All documents submitted without the required signature(s) will be stricken</u>. Each separate document must be separately stapled. See Local Rule 7-130. If a document is stapled behind another document, it will not be filed and will not enter the court docket.

4. All documents filed with the Court must be submitted with an additional legible conformed copy for the Court's use. See Local Rule 5-134(b). <u>A document submitted without an extra copy for the Court's use will be stricken</u>. If the filing party wishes the Court to return a file-stamped copy, he or she must include an additional copy for that purpose (i.e., submit an original and

two copies, one for the Court's use and one to be returned) <u>and</u> a pre-addressed, postage-paid envelope. <u>The Court cannot provide copy or mailing service for a party, even for an indigent plaintiff proceeding in forma pauperis.</u> Copies of documents from the Court's file may be obtained at the cost of fifty cents per page.

5. After any defendants have appeared in an action by filing a pleading responsive to the complaint (i.e., an answer or a motion to dismiss), all documents filed with the Court must include a certificate of service stating that a copy of the document was served on the opposing party. *See* 28 U.S.C. § 1746; F.R.Civ.P. 5; Local Rule 5-135. **A document submitted without the required proof of service will be stricken**. Where a party is represented, service on the party's attorney of record constitutes effective service.

6. A pro se party has an affirmative duty to keep the Court and opposing parties apprised of his or her address. If the Appellant moves and fails to file a notice of change of address, service of court orders at Appellant's prior address shall constitute effective notice. <u>See</u> Local Rule 83-182(d). If mail directed to Appellant is returned by the United States Postal Service as undeliverable, the Court will not attempt to remail it. <u>If the address is not updated within sixty days of the mail's being returned, the action will be dismissed for failure to prosecute</u>. <u>See</u> Local Rule 83-183(b).

Accordingly, it IS ORDERED that

1. The motion of Stuart Barasch to withdraw as attorney of record IS GRANTED; and

2. The Clerk of the Court IS DIRECTED to update the docket to reflect Plaintiff's pro se status and address, which is stated on page 2 of this order, and to serve a copy of this order upon Plaintiff herself at Plaintiff's address; and

3. The time for Plaintiff's serving on Defendant a confidential letter brief IS EXTENDED to no later than October 20, 2008; and

4. Plaintiff IS INFORMED that a failure to comply with the Local Rules or an order of the Court, including the deadline for the filing of Plaintiff's opening brief, will result in sanctions, including dismissal of this action.

IT IS SO ORDERED.

**Dated:   October 2, 2008**          /s/ Sandra M. Snyder
                                     UNITED STATES MAGISTRATE JUDGE